26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James DEMERS, et al., Plaintiffs,
and
Louis Loader; Donna Loader, Plaintiffs-Appellants,
v.
RONCOR, INCORPORATED, Defendant-Appellee.
 Nos. 93-35033, 93-35034.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1994.
Decided May 25, 1994.
 
 Before: WRIGHT, SCHROEDER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Class plaintiffs and Louis and Donna Loader appeal the district court judgment and post-trial orders. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A. The court did not err in finding that the jury determined damages for the total loss of digging rights.
 
 
 4
 We review for abuse of discretion the denial of class plaintiffs' Fed.R.Civ.P. 59(e) motion to amend the judgment. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).[1] They challenge the court's conclusion that "[i]t was at all times clear at trial that the class was seeking damage for total loss of digging rights on the five mining claims to which the covenants attached." But they admit that their original complaint alleged that the commercial mining activity had "totally defeated the right and privilege that [they] had to hand dig" in the Section 23 mining claims.
 
 
 5
 And members of the class testified at trial that the mining claims were "gutted", the class was "kicked off" and couldn't dig, and that the mining claims were gone and shut down by authorities. Although their pretrial order and jury instructions did not expressly claim a total loss, they were not inconsistent with that theory. And Roncor President Ron Kunisaki's testimony that plaintiffs had rights to mining claims outside Section 23 does not affect the nature of plaintiffs' claim. Class plaintiffs have not shown an abuse of discretion.
 
 
 6
 B. The court did not err in barring the Loaders from recovering class damages.
 
 
 7
 We review for abuse of discretion the denial of the Loaders' Rule 59(e) motion to amend the judgment, which challenged their exclusion from class damages. Floyd, 929 F.2d at 1400. The court properly retained the Loaders in the class because they did not opt out prior to the June 1, 1989 deadline, and so the judgment necessarily included them. Fed.R.Civ.P. 23(c)(2)(B). The court also had authority to calculate the Loaders' damages differently than the other class members. See Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir.1975). Because the Loaders had already obtained from Intergem more than they would have received from the jury's verdict against Roncor, the court correctly refused to allow them to recover twice for the same injury. See Mont.Code Ann. Sec. 27-1-303.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In dismissing the previous appeal of this action we indicated that the challenges to the district court's post-judgment rulings were Rule 59(e) motions to alter or amend a judgment. DeMers v. Roncor, Inc., Nos. 90-35761, 90-35818, 90-35020, slip. op. at 11 (9th Cir. June 22, 1992)